UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION



FILED
OCT 07 2021
CLERK

| | |
|---|---|
| SHANE D. WALIEZER,<br><br>    Plaintiff,<br>vs.<br><br>BRAD HOWELL, Sheriff Codington County, professionally and individually; OFFICER JOHN DOE #1, Deputy Sheriff Codington County, professionally and individually; and OFFICER JOHN DOE #2, Deputy Sheriff Codington County, professionally and individually;<br><br>    Defendants. | 1:21-CV-01027-CBK<br><br>ORDER |

Plaintiff filed a *pro se* complaint under 42 U.S.C. § 1983. Plaintiff alleges that the John Doe defendants, violated his Constitutional rights as a pretrial detainee when they transported him from Washington State to South Dakota on an extradition warrant. Plaintiff claims the defendants drove erratically and in excess of the speed limits. Plaintiff further alleges that John Doe #1 exposed himself to plaintiff on two separate occasions when defendant urinated on the side of the Interstate highway. Plaintiff seeks an order requiring defendants to review all statutes and policies with regard to operating county vehicles, written reprimands entered into their employee files, an order requiring John Doe #1 to attend P.R.E.A. (Prison Rape Elimination Act of 2003) offender classes for defendant's indecent exposure, a criminal investigation be initiated as to John Doe #1's actions, and $500,000 in damages. Plaintiff has filed an application to proceed without the prepayment of fees.

28 U.S.C. § 1915(a)(1) authorizes district courts to allow civil litigants to commence suit without the prepayment of the filing fee. However, other than in criminal cases, "[a]n *in forma pauperis* litigant's access to the courts is a matter of privilege, not

of right, and should not be used to abuse the process of the courts." Williams v. McKenzie, 834 F.2d 152, 154 (8th Cir. 1987). The district courts are required to screen plaintiff's claims to determine whether the action

>(i) is frivolous or malicious;
>(ii) fails to state a claim on which relief may be granted; or
>(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

In an effort to curb the flood of non-meritorious claims filed by prisoners, Congress passed the Prison Litigation Reform Act of 1995 ("PLRA"), 110 Stat. 1321-71, to "filter out the bad claims and facilitate consideration of the good." Jones v. Bock, 549 U.S. 199, 203-04, 127 S.Ct. 910, 914, 166 L.Ed.2d 798 (2007). The PLRA introduced a three-strikes rule which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "In other words, for most three strikers, all future filing fees become payable in full upfront." Bruce v. Samuels, 577 U.S. 82, 86, 136 S.Ct. 627, 630, 193 L.Ed.2d 496 (2016).

Plaintiff is subject to the three-strikes rule because, on at least three occasions, he filed a civil proceeding which was dismissed as frivolous, malicious, or for failure to state a claim upon which relief could be granted. Waliezer v. Doe, et al., 1:21-CV-01020-CBK (D.S.D. October 6th 2021). Plaintiff has not alleged that he is under imminent danger of serious physical injury.

Now, therefore,

IT IS ORDERED:

1. Plaintiff's applications, Docs. 2 and 6, to proceed without the prepayment of the filing fee are denied.

2. Plaintiff shall pay the $402 filing fee on or before 30 days from the date of this order. Failure to do so will result in dismissal of the complaint.

DATED this 6th day of October, 2021.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge