UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION



FILED

NOV 22 2021

*Matthew Thelen*
CLERK

| | |
|---|---|
| SHANE D. WALIEZER,<br><br>                    Plaintiff,<br><br>     vs.<br><br>BRAD HOWELL, Sheriff Codington<br>County, professionally and individually;<br>OFFICER JOHN DOE #1, Deputy Sheriff<br>Codington County, professionally and<br>individually; and OFFICER JOHN DOE #2,<br>Deputy Sheriff Codington County,<br>professionally and individually;<br><br>                    Defendants. | 1:21-CV-01027-CBK<br><br><br>MEMORANDUM OPINION AND<br>ORDER |

     Plaintiff filed a *pro se* complaint under 42 U.S.C. § 1983.  Plaintiff alleges that the John Doe defendants violated his Constitutional rights as a pretrial detainee when they transported him from Washington State to South Dakota on an extradition warrant. Plaintiff claims the defendants drove erratically and in excess of the speed limits. Plaintiff further alleges that John Doe #1 exposed himself to plaintiff on two separate occasions when defendant urinated on the side of the Interstate highway.

     Plaintiff filed an application to proceed *in forma pauperis* without the prepayment of fees.  I found that plaintiff was subject to the three strikes provision of the Prison Litigation Reform Act, U.S.C. § 1915(g) and must pay the filing fee.  Plaintiff filed a motion to amend his complaint, a motion to vacate the order denying his application to proceed *in forma pauperis* and, thereafter, a notice of interlocutory appeal, along with a motion to proceed on appeal *in forma pauperis* without the prepayment of the appellate filing fee.  His notice of appeal filed before the disposition of the motion to vacate had no effect on this Court's jurisdiction to rule upon the motion to vacate.  Fed. R. Appl. P.

4(a)(4) and Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 61, 103 S. Ct. 400, 403, 74 L. Ed. 2d 225 (1982). The order appealed from has been vacated and plaintiff's application to proceed *in forma pauperis* has been granted. The notice of appeal became effective upon this court's ruling on plaintiff's motion to vacate, Avila v. Sullivan, 46 F.3d 1150 (10th Cir. 1995), but the appeal is essentially moot since plaintiff was granted the relief requested.

Plaintiff moved to amend his complaint to add an allegation that he is in imminent danger, a requirement for allowing him to proceed *in forma pauperis* notwithstanding the three-strikes bar of 28 U.S.C .§ 1915(g). The order allowing plaintiff to proceed *in forma pauperis* renders his motion to amend his complaint moot.

The Prison Litigation Reform Act requires the Court to screen prisoner complaints prior to service of process being issued and to dismiss any complaint that is (1) frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). I am required to give the plaintiff's pro se complaint liberal construction and identify any discernable cognizable claim. Solomon v. Petrav, 795 F.3d 111, 787 (8th Cir. 2015).

I have conducted an initial review as required by § 1915A. Plaintiff's complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because plaintiff has failed to state a claim upon which relief can be granted. The interlocutory appeal, while pending, does not deprive the district court of jurisdiction over aspects of the case not involved in the appeal. Chambers v. Pennycook, 641 F.3d 898, 904 (8th Cir. 2011). The appeal concerns the application to proceed *in forma paueris* only.

Plaintiff alleges that two Codington County deputy sheriffs recklessly endangered plaintiff's life while transporting plaintiff from the State of Washington to the State of South Dakota. Plaintiff also alleges that he was subject to indecent exposure.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins,

2

487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55, 101 L. Ed. 2d 40 (1988). Plaintiff has failed to allege that defendants' actions violated any federal Constitutional or statutory rights. In fact, at most, plaintiff alleges in his claim for relief that defendants violated law enforcement policies which they should be ordered to review. Plaintiff has failed to state a claim under § 1983.

Now, therefore,

IT IS ORDERED:

7. Plaintiff's motion, Doc. 9, to amend the complaint is denied as moot.

8. Plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

9. Plaintiff's motion, Doc. 4, for the appointment of counsel is denied as moot.

DATED this 22nd day of November, 2021.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge